2025 IL App (1st) 232497-U

No. 1-23-2497

Order filed May 29, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 11128 |
| | ) | |
| CRAIG BRYAN, | ) | Honorable |
| | ) | Nicholas Kantas, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant's conviction for unlawful use of a weapon by a felon affirmed where the statute is not facially unconstitutional.

¶ 2     Following a bench trial, defendant Craig Bryan was found guilty of two counts of unlawful use or possession of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2020)) and three counts of aggravated unlawful use or possession of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1)

(West 2020)).[1] The trial court merged the counts into one count of UUWF and sentenced defendant to four years in prison. On appeal, defendant contends that the UUWF statute violates the second amendment to the United States Constitution (U.S. Const., amend. II) under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3    Relevant here, defendant was charged by indictment with UUWF based on knowingly possessing a firearm after having been convicted of a felony.

¶ 4    The evidence at trial established that on July 23, 2021, police officers observed several individuals, including defendant, drinking what appeared to be alcohol from clear cups on the sidewalk on the 900 block of North Lockwood Avenue in Chicago. Officers further observed defendant, whom they identified in court, wearing a black satchel across the front of his body. Defendant looked toward the officers, fled up the stairs of a residence to the porch, threw the satchel into a vacant lot, jumped off the porch and over a fence, and fled on foot.

¶ 5    Officers found the satchel in a field with no other black bags in that field. From the satchel, officers recovered a loaded .40-caliber semiautomatic handgun. No other individuals with whom defendant had been drinking carried a black bag or ran from the police. Defendant did not have a valid Firearm Owners Identification card or concealed carry license. Officers chased defendant and arrested him approximately one block from where he threw the satchel. The parties stipulated that defendant had been convicted of two felony offenses.

---

[1] The record also shows defendant's last name spelled as Bryant. We adopt the spelling of Bryan as used in the charging instrument and mittimus.

We also note that, effective January 1, 2025, section 24-1.1 of the Criminal Code of 2012 has been renamed from "[u]nlawful use or possession of weapons by felons" to "[u]nlawful possession of weapons by felons." The elements of this offense have not changed. We will refer to this offense by the prior name because that is the version of the statute under which defendant was charged.

¶ 6    The court found defendant guilty of two counts of UUWF and three counts of AUUW.

¶ 7    Defendant filed a motion to reconsider or in the alternative grant a new trial, which the trial court denied. The trial court merged the counts into one count of UUWF and sentenced defendant to four years in prison.

¶ 8    On appeal, defendant contends that the UUWF statute is facially unconstitutional in violation of the Second Amendment under the test articulated by the United States Supreme Court in *Bruen*. Specifically, he asserts that *Bruen* does not authorize the permanent disarmament of felons under the Second Amendment.

¶ 9    Defendant challenges the constitutionality of the UUWF statute for the first time on appeal. He raises a facial constitutional challenge, which may be raised at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32.

¶ 10    A party challenging the constitutionality of a statute "carr[ies] the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." (Internal quotation marks omitted.) *People v. Rizzo*, 2016 IL 118599, ¶ 23. To succeed in a facial challenge, the defendant must show the statute is unconstitutional under any set of facts; the specific facts relating to him are irrelevant. *Thompson*, 2015 IL 118151, ¶ 36. If there exists a situation in which the statute could be validly applied, a facial challenge must fail. *Rizzo*, 2016 IL 118599, ¶ 24. Whether a statute is constitutional is a question of law we review *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9.

¶ 11    The second amendment of the United States Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

¶ 12    At the time of defendant's arrest, section 24-1.1(a) of the UUWF statute provided, in pertinent part: "It is unlawful for a person to knowingly possess on or about his person *** any firearm *** if the person has been convicted of a felony under the laws of this State or any other jurisdiction."[2] 720 ILCS 5/24-1.1(a) (West 2020).

¶ 13    In *Bruen*, the Supreme Court adopted a new analytical framework for evaluating the constitutionality of firearm regulations. *Bruen*, 597 U.S. at 17, 24. Under this framework, when the plain text of the Second Amendment covers an individual's conduct, the conduct is presumptively protected by the Constitution. *Id.* To justify the regulation of that conduct, the government must then demonstrate that the regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24.

¶ 14    A facial challenge to the constitutionality of section 24-1.1(a) of the UUWF statute is not novel. Indeed, this court has considered and rejected such a challenge. We have found that section 24-1.1(a) is not facially unconstitutional because the Second Amendment does not apply to convicted felons. *People v. Boss*, 2025 IL App (1st) 221855; *People v. Johnson*, 2024 IL App (1st) 231155; see also *People v. McTizic*, 2025 IL App (1st) 240467-U, ¶ 8 (noting, in analyzing the constitutionality of the armed habitual criminal statute, that "the second amendment does not protect felons, and the *Bruen* test, therefore, does not apply at all").[3] Adopting well-established precedent, we find that defendant's facial constitutional challenge fails because the Second Amendment's use of the term "the people" does not apply to him, a felon, as he is not a "law-

---

[2] The UUWF statute has been amended twice since defendant's arrest. Neither amendment substantively changed the language in subsection (a) that is at issue in this appeal.

[3] Cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

abiding citizen." See, *e.g.*, *Boss*, 2025 IL App (1st) 221855, ¶ 33 (agreeing with "the majority of panels" that "the second amendment does not apply to a felon's firearm possession").

¶ 15    Defendant's reliance on the United States Supreme Court's decision in *People v. Rahimi,* 602 U.S. 680 (2024), to argue the unconstitutionality of a permanent ban on firearm possession by felons is also unavailing. See *McTizic*, 2025 IL App (1st) 240467-U, ¶ 8 (rejecting the defendant's argument that this country's history of firearm regulation does not support the permanent disarmament of felons).[4] In *Rahimi*, the Court considered whether the defendant could be prohibited from firearm possession for the duration of a domestic violence restraining order. *Rahimi*, 602 U.S. at 684. The Court concluded that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 702. In its holding, the Court rejected the government's contention that the defendant may be disarmed because he was not "responsible," finding the term vague. *Id.* at 701. Whether a felon could be prohibited from firearm possession based on his status as a felon was not analyzed and resolved in *Rahimi*. See *People v. Huff*, 2025 IL App (4th) 240762, ¶ 17. The Court noted, though, that prohibitions on the "possession of firearm by felons and the mentally ill, are presumptively lawful." (Internal quotation marks omitted.) *Rahimi*, 602 U.S. at 699 (quoting *District of Columbia v. Heller*, 554 U.S. at 626, 627 n.26).

¶ 16    Defendant urges this court to conclude that the Second Amendment affords protections to all Americans and not just law-abiding citizens and therefore, the constitutionality of limitations on firearm possession by felons should be resolved under the second step of *Bruen*. Even accepting

---

[4] Cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

defendant's position, however, we would nonetheless reject his facial challenge to the constitutionality of section 24-1.1(a) of the UUWF statute under the current state of the law. See *People v. Travis*, 2024 IL App (3d) 230113, ¶ 33 (recognizing history, dating to the founding era, of disarming dangerous individuals); *People v. McKnight*, 2024 IL App (1st) 230571-U, ¶¶ 36-37 (concluding that section 24-1.1(a) has historical analogues in laws pre-dating this country's founding).[5] We therefore affirm defendant's UUWF conviction.

¶ 17    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 18    Affirmed.

---

[5] Cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).