**2021 IL 125889**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 125889)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
DOMINIK K. BOCHENEK, Appellant.

*Opinion filed May 20, 2021.*

JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Neville, Overstreet, and Carter concurred in the judgment and opinion.

Justice Michael J. Burke took no part in the decision.

## OPINION

¶ 1    Following a jury trial, defendant Dominik K. Bochenek was convicted of identity theft for the knowingly unauthorized use of another person's credit card information to purchase cigarettes. Prior to trial, defendant argued that the venue provision pertaining to identity theft, which allows for proper venue in the county

in which the victim resides, was unconstitutional. The circuit and appellate courts upheld the constitutionality of the provision. For the following reasons, we hold that the venue provision is constitutional and affirm the judgment of the appellate court.

¶ 2                                                    BACKGROUND

¶ 3          In April 2016, defendant was charged in the circuit court of Du Page County with one count of identity theft (720 ILCS 5/16-30(a)(1) (West 2016)) and one count of unauthorized use of an unissued credit card (*id.* § 17-36(ii)). The charges arose after defendant fraudulently used Anthony Fatigato's credit card information to purchase cigarettes.

¶ 4          In May 2017, days before trial, defendant filed a motion to dismiss the charges pursuant to section 114-1(a)(7) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1(a)(7) (West 2016)). In support, he argued that the venue statute (720 ILCS 5/1-6(t)(3) (West 2016)), which allows for the cause to be brought in the county where the victim resides, conflicts with article I, section 8, of the Illinois Constitution. Ill. Const. 1970, art. I, § 8. That section provides that an accused shall have the right to be tried by a jury of the county in which "the offense is alleged to have been committed." *Id.* Defendant maintained that the acts constituting the offenses occurred at a gas station in Lake County and not where the victim resides, in Du Page County. After a hearing, the circuit court denied defendant's motion.

¶ 5          Thereafter, the jury found defendant guilty of identity theft. The court granted defendant's motion for a directed verdict on the remaining charge after concluding that the credit card was not "unissued" as contemplated by the statute defining that offense. The court sentenced defendant to a 30-day term of periodic imprisonment on work release and a 30-month term of probation.

¶ 6          On appeal, the appellate court affirmed, rejecting defendant's facial constitutional challenge to section 1-6(t)(3) of the venue statute. 2020 IL App (2d) 170545. The court determined that subsection (t) "expressly enacts the constitutional requirement" of article I, section 8, "by defining where the offense occurs" to include both where the "physical acts are accomplished" and where "the injury occur[s]." *Id.* ¶ 31. The court noted that the constitution's venue provision

only provides for a right to trial in " 'the county in which the offense is alleged to have been committed' " and not, as defendant suggested, "where 'the defendant's conduct in committing the offense occurred.' " *Id.* ¶ 34. The court further found there was no conflict with the constitution where, by legislative definition, "the offense of identity theft occurs both where the physical acts occur as well as where the intangible identification information is located." *Id.* ¶ 35. Additionally, the appellate court found that defendant's facial challenge failed where constitutionally valid applications of section 1-6(t)(3) exist, including the prosecution of an offender whose "physical acts associated with the identity theft" of an Illinois citizen "all occurred out of state." *Id.* ¶ 39.

¶ 7 We allowed defendant's petition for leave to appeal. See Ill. S. Ct. R. 315 (eff. Oct. 1, 2019).

¶ 8 ANALYSIS

¶ 9 In this case, we are asked to consider whether the statutory venue provision as set forth under section 1-6(t)(3) of the Criminal Code of 2012 (Code) (720 ILCS 5/1-6(t)(3) (West 2016)), which allows for proper venue where the victim resides, satisfies the mandate of article I, section 8, that a defendant shall be tried in the county where "the offense is alleged to have been committed" (Ill Const. 1970, art. I, § 8). Defendant has raised a facial challenge to the statute, which we review *de novo*. *People v. Gray*, 2017 IL 120958, ¶ 57.

¶ 10 The constitutionality of a statute is analyzed under well-settled principles. Statutes are presumed constitutional, and to rebut that presumption, the party challenging a statute's constitutionality has the burden of establishing a clear violation. *People v. Coty*, 2020 IL 123972, ¶ 22. A party raising a facial challenge to a statute faces a particularly heavy burden. *People v. Eubanks*, 2019 IL 123525, ¶ 34. A statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid. *Id.* The particular facts related to the challenging party are irrelevant. *People v. Rizzo*, 2016 IL 118599, ¶ 24. If it is reasonably possible to construe the statute in a way that preserves its constitutionality, we must do so. *Id.* With these principles in mind, we consider the issue before us.

¶ 11 Article I, section 8, of the Illinois Constitution grants to an accused the right "to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." Ill. Const. 1970, art. I, § 8. This language is virtually unchanged from the earlier 1870 constitution. Ill. Const. 1870, art. II, § 9. The constitutional guarantee does not mandate a single exclusive location for a crime, nor does it limit the General Assembly's ability to establish where a crime will be committed, as that crime is defined by the General Assembly. See, *e.g.*, *People v. Miller*, 171 Ill. 2d 330, 333 (1996) (observing that the legislature has wide discretion in defining crimes). Rather, we have long recognized the General Assembly's authority to enact specific venue statutes where special circumstances have arisen due to the nature of the crime. See, *e.g.*, *Watt v. People*, 126 Ill. 9, 18-19 (1888) ("our present constitution vests in the General Assembly the power to" "determine by law when offenses are to be deemed to be local, and when and within what limitations they are to be treated as transitory").

¶ 12 Consistent with the constitutional mandate, the General Assembly has established the general rule that "[c]riminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law." 720 ILCS 5/1-6(a) (West 2016). Over time, advances in technology and commerce have changed the way the legislature, and society, view the location of a crime. See 4 Wayne R. LaFave *et al.*, Criminal Procedure § 16.1(d), at 790 (4th ed. 2015) (As "significant advances [were] made in transportation and communications, crimes committed in more than one *** district became much more common").

¶ 13 As such, the General Assembly has enacted several special venue provisions in addition to its general venue requirement due to the nature of certain crimes. 720 ILCS 5/1-6(b)-(u) (West Supp. 2019). In those instances, the legislature recognized that proper venue may lie in more than one county. For example, subsection (b) of the Code provides that, where the defendant and victim are in different counties, an offense upon a victim's person occurs in both locations, notwithstanding the defendant's lack of physical presence in the county at the time of his actions. *Id.* § 1-6(b).

¶ 14 In the present case, both the general statute and the statute under which defendant was charged contain an explicit venue provision for the relatively new crime of identity theft. See 720 ILCS 5/1-6(t), 16-36 (West 2016). Those provisions

- 4 -

specifically establish where the crime of identity theft may be considered to have been committed. Under section 1-6(t), the General Assembly has determined that the crime of identity theft "may be tried in any one of the following counties in which: (1) the offense occurred; (2) the information used to commit the offense was illegally used; or (3) the victim resides." *Id.* § 1-6(t). Section 16-36 similarly provides, for the purposes of identity theft, that venue "shall be proper in any county where the person described in the personal identification information or personal identification document in question resides or has his or her principal place of business." *Id.* § 16-36.

¶ 15       Defendant maintains that the provision allowing for venue where the victim resides conflicts with the constitution because no aspect of the crime of identity theft is connected to the location of the victim's residence. In his view, such a location is therefore arbitrary in relation to the offense.

¶ 16       In considering defendant's argument, we examine the special venue provision in the context of the nature of the crime. The offense of identity theft can be committed in multiple ways. Under section 16-30(a)(1) of the Code, a person commits identity theft when he or she knowingly "uses any personal identifying information or personal identification document of another person to fraudulently obtain credit, money goods, services, or other property." *Id.* § 16-30(a)(1) (added by Pub. Act 97-597, § 5 (eff. Jan. 1, 2012)). The crime involves the misappropriation of personal identifying information of another to facilitate the commission of a crime. Accordingly, identity theft involves, in part, an offense against a victim's possessory interest in personal information and requires proof that the defendant knew the information belonged to someone else. See *People v. Bensen*, 2017 IL App (2d) 150085, ¶ 23; *People v. Montoya*, 373 Ill. App. 3d 78, 84 (2007) (identity theft requires proof that a defendant knowingly misappropriated someone else's identity, not merely obtained goods in an unauthorized manner).

¶ 17       "Personal identifying information" is defined broadly by statute to include a host of intangible information, including a person's name, date of birth, address, and telephone number, as well as more confidential information including, but not limited to, Social Security numbers, bank account numbers, and credit card numbers. 720 ILCS 5/16-0.1 (West 2016). This information is unique to each person, and thus, a victim's possessory interest in his or her personal identifying

information for purposes of this crime is deemed by the General Assembly to be located where the victim resides. Reading the relevant venue and identity theft statutes together, *in pari materia*, the part of the offense that involves misappropriation of the personal information can be said to be committed in the county where the victim lives because the information is said to be "located" there. We may not substitute our judgment for that of the General Assembly on the question of where identity theft is committed.

¶ 18    Notably, numerous other states with a similar constitutional venue provision have also adopted venue statutes authorizing the prosecution of identity theft in the county of the victim's residence. See, *e.g.*, Alabama (Ala. Code § 13A-8-196 (2016)); Georgia (Ga. Code Ann. § 16-9-125 (2016)); Missouri (Mo. Rev. Stat. § 541.033(2) (2016)); Washington (Wash. Rev. Code § 9.35.020(8) (2016)). These states have made the same legislative determination that, for purposes of this type of crime, personal information is located where the owner of that information resides. See, *e.g.*, *State v. Mayze*, 622 S.E.2d 836 (Ga. 2005) (upholding as constitutional venue provision for identity fraud, which authorize prosecution in the county of the victim's residence); *Ex parte Egbuonu*, 911 So. 2d 748 (Ala. Crim. App. 2004) (same, for identity theft).

¶ 19    Additionally, we reject defendant's narrow view that where a crime is committed is necessarily limited to the location where the accused committed a physical act. The constitutional guarantee speaks to the location of the offense and not the presence of the offender. Notably, other crimes have been deemed by the General Assembly to be located in venues other than where the wrongful physical acts have occurred. See, *e.g.*, 720 ILCS 5/1-6(*o*) (West 2016) ("the offense of child abduction may be tried in any county in which his victim has traveled, been detained, concealed or removed to during the course of the offense," but "the preferred place of trial shall be the county of the residence of the lawful custodian"); 720 ILCS 5/1-6(u) (West Supp. 2019) ("the offense of financial exploitation of an elderly person or a person with a disability may be tried in" a county where "any part of the offense occurred" or where the victim resides).

¶ 20    Defendant's narrow view would also lead to an absurd result. For example, an identity thief sitting at his computer in Indiana could, via the Internet, obtain the personal identifying information of an Illinois resident and use it to fraudulently

- 6 -

obtain a credit card in the Illinois resident's name. The identity thief could then use the credit card information to fraudulently purchase merchandise in Massachusetts. In this scenario, there would be no proper venue in Illinois to prosecute this case without allowing for venue where the person whose information was unlawfully used to commit the fraud resides. To hold otherwise would limit the State's ability to protect its citizens from this type of crime merely because a defendant is never physically located in Illinois.

¶ 21　　Accordingly, we conclude that, based on the nature of the crime, the constitutional mandate is satisfied, as the offense of identity theft may be deemed to have been committed where the physical acts occurred as well as where the intangible identifying information is "located," namely the victim's residence.

¶ 22　　　　　　　　　　　　　　　CONCLUSION

¶ 23　　In sum, we hold that the General Assembly did not exceed its authority in allowing for venue in identity theft cases to be set in the place where the victim resides. Section 1-6(t)(3) complies with the Illinois constitutional mandate that the venue of a criminal case be set in the county where the crime is alleged to have been committed. Therefore, we affirm the judgment of the appellate court, which affirmed the circuit court's denial of defendant's motion to dismiss the indictment.

¶ 24　　Affirmed.

¶ 25　　JUSTICE MICHAEL J. BURKE took no part in the consideration or decision of this case.