2024 IL App (1st) 230880-U

No. 1-23-0880

Order filed May 14, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 84 CR 8470 |
| | ) | |
| KABAH-JESSIE HARDAWAY, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the dismissal of defendant's *pro se* petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)) as the statute prohibiting possession of short-barreled firearms does not violate the second amendment.

¶ 2    Defendant Kabah-Jessie Hardaway appeals from the circuit court's grant of the State's

motion to dismiss his *pro se* petition for relief from judgment under section 2-1401 of the Code of

Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)).[1] On appeal, defendant contends that the circuit court erred in granting the State's motion because the statute prohibiting the possession of short-barreled firearms violates the second amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3    On November 14, 1984, following a conference held pursuant to Illinois Supreme Court Rule 402 (eff. Feb. 1, 1981), defendant entered pleas of guilty to burglary and unlawful use of a weapon (UUW), and was sentenced to two concurrent four-year terms of probation, the first six months of which were to be served in jail. The count for UUW alleged that defendant knowingly possessed a shotgun with a barrel of less than 18 inches in length. See Ill. Rev. Stat. 1983, ch. 38, ¶ 24-1(a)(7) (now codified at 720 ILCS 5/24-1(a)(7)(ii) (West 2022)). Defendant subsequently violated his probation, and on July 8, 1986, he was sentenced to three years in prison.

¶ 4    On May 10, 2022, defendant, proceeding *pro se*, filed a 2-1401 petition seeking relief from judgment. Relying on *People v. Aguilar*, 2013 IL 112116, and *People v. Gamez*, 2017 IL App (1st) 151630, defendant alleged that his UUW conviction was predicated on an unconstitutional statute and therefore void. Specifically, the petition argued that the UUW statute was facially unconstitutional and violated the second amendment.

¶ 5    The State filed a motion to dismiss alleging that defendant's UUW conviction for possessing a "sawed-off" shotgun did not fall under *Aguilar* and was constitutionally sound.

¶ 6    On March 10, 2023, the court heard arguments on the State's motion to dismiss. Defendant argued that his UUW conviction was void pursuant to *Aguilar* and *Gamez*, and asked the court to

---

[1] Defendant is also referred to as Jesse Hardaway, Jessie Hardaway, Eric Hardway, and Ka Bah Hardaway in the record on appeal. For clarity, we adopt the styling of defendant's amended notice of appeal.

vacate it. He further argued that he had established that he was actually innocent of the burglary charge, noting that the alleged victim would testify that defendant was not the offender. Defendant asked the court to grant him a certificate of innocence.

¶ 7     The State responded that *Aguilar* permitted "meaningful regulation" of firearms. Moreover, the State asserted that defendant failed to present caselaw holding that regulating the possession of a "sawed off" shotgun was unconstitutional, or stating that one could possess such a weapon. The State further argued that a section 2-1401 petition was not the proper vehicle for a claim of actual innocence.

¶ 8     On May 12, 2023, the court granted the State's motion to dismiss, stating that *Aguilar* did not void all UUW convictions and that UUW based upon the possession of a "sawed-off" shotgun was not affected. The court instructed defendant that in order to raise a claim of actual innocence, he should file a petition for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2022)).

¶ 9     On appeal, defendant contends only that the circuit court erred in dismissing his petition for relief from judgment as the UUW statute prohibiting the possession of short-barreled firearms violates the second amendment under *Bruen* and his conviction must therefore be vacated.

¶ 10     Preliminarily we note that section 2-1401 of the Code provides a comprehensive statutory procedure by which final judgments may be vacated more than 30 days after entry. 735 ILCS 5/2-1401(a) (West 2022); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Generally, a petition for relief from judgment must be filed within two years of the subject judgment. See 735 ILCS 5/2-1401(c) (West 2022). There are, however, exceptions. The two-year limitation does not apply when a defendant, as in this case, alleges that his conviction or sentence "is based on a statute that is

facially unconstitutional and *void ab initio*." *People v. Stoecker*, 2020 IL 124807, ¶ 28. "We review *de novo* a section 2-1401 petition that was denied or dismissed on legal grounds." *People v. Abdullah*, 2019 IL 123492, ¶ 13. Likewise, we review *de novo* the constitutionality of a statute. *People v. Patterson*, 2014 IL 115102, ¶ 90.

¶ 11 Section 24-1(a)(7)(ii) of the Criminal Code of 2012 provides that a person commits UUW if he knowingly

> "[s]ells, manufacturers, purchases, possesses or carries *** any rifle having one or more barrels less than 16 inches in length or a shotgun having one or more barrels less than 18 inches in length or any weapon made from a rifle or shotgun, *** if such a weapon as modified has an overall length of less than 26 inches." 720 ILCS 5/24-1(a)(7)(ii) (West 2022).

¶ 12 In the case at bar, defendant argues that Illinois's "categorical ban" on short-barreled shotguns is facially unconstitutional under the second amendment as clarified in *Bruen*. A facial challenge to a statute requires a showing that it is unconstitutional under any set of facts, *i.e.*, there are no circumstances under which the statute could be validly applied. *People v. Rizzo*, 2016 IL 118599, ¶ 24.

¶ 13 We recently considered, and rejected, a similar claim in *People v. Smith*, 2024 IL App (1st) 221455. There, in 1992, the defendant plead guilty to two counts of UUW based upon his possession of a short-barreled shotgun. *Id.* ¶ 4. In 2022, he filed a petition for relief from judgment seeking to vacate his UUW conviction as a violation of the second amendment. *Id.* ¶ 5. On appeal from the circuit court's dismissal of the petition, he contended that the UUW statute prohibiting possession of short-barreled firearms violated the second amendment under *Bruen*. *Id.* ¶¶ 2, 8.

¶ 14    Initially, we noted that in raising a constitutional challenge, the defendant bore the "heavy burden" to successfully rebut "the strong judicial presumption that statutes are constitutional." (Internal quotation marks omitted). *Id.* ¶ 9. We explained that " '[a] facial challenge to the constitutionality of a statute is the most difficult challenge to mount,' as '[a] statute is facially unconstitutional only if there are no circumstances in which the statute could be validly applied.' " *Id.* (quoting *People v. Davis*, 2014 IL 115595, ¶ 25).

¶ 15    We next noted that the Supreme Court has held that the second amendment conferred "an 'individual right to keep and bear arms' " for self-defense. *Id.* ¶ 10 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008)); see also U.S. Const., amend. II. ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."). That is, the second amendment included " 'the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense.' " *Id.* (quoting *Bruen*, 597 U.S. at 8-9). This individual right to keep and bear arms extended to the States through the fourteenth amendment. *Id.* (citing *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010)).

¶ 16    Based on this Supreme Court precedent, reviewing courts previously engaged in a " 'two-step' " analysis of second amendment claims. *Id.* ¶ 11 (quoting *Bruen*, 597 U.S. at 17). First, the State "could justify its regulation by establish[ing] that the challenged law regulates activity falling outside the scope of the right as originally understood." (Internal quotation marks omitted). *Id.* "If the regulated conduct fell beyond the amendment's original scope, then the analysis ended there, and the regulated activity was ' "categorically unprotected." ' " *Id.* (quoting *Bruen*, 597 U.S. at 18, quoting *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012)). "However, '[i]f history proved inconclusive or suggested that the regulated activity was not "categorically unprotected,"

courts proceeded to the second step, whereupon they conducted a means-ends analysis, employing either strict or intermediate scrutiny and weighing the severity of the regulation against the ends the government sought to achieve.' " *Id.* (quoting *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 67).

¶ 17    In *Bruen*, the Supreme Court adopted a new framework for second amendment claims, holding that " '[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct' and '[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.' " *Id.* ¶ 12 (quoting *Bruen*, 597 U.S. at 17, 24).

¶ 18    Applying *Bruen*'s reasoning, we first asked whether the plain text of the second amendment protected a person's right to possess a short-barreled firearm. We noted that the Supreme Court has recognized that the second amendment does not confer " 'unlimited' " rights and that the right to keep and bear arms could be limited based upon the "nature of the arms." *Id.* ¶ 14 (quoting *Heller*, 554 U.S. at 626). In other words, there is a "historical tradition of prohibiting the carrying of dangerous and unusual weapons." (Internal quotation marks omitted.) *Id.*; see also *United States v. Miller*, 307 U.S. 174, 178 (1939) (no second amendment right to keep and bear short-barreled shotguns "[i]n the absence of any evidence tending to show that possession or use of [such weapon] *** at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia").

¶ 19    We therefore determined that because " 'the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, *such as short-barreled shotguns*,' " the second amendment did not encompass an individual's right to possess a

short-barreled firearm. (Emphasis in original.) *Id.* ¶ 16 (quoting *Heller*, 554 U.S. at 623, 625); see also *Bruen*, 597 U.S. at 72 (Alito, J., concurring) (noting that the Court had not "disturbed anything that [it] said in *Heller* or *McDonald* *** about restrictions that may be imposed on the possession or carrying of guns").

¶ 20    We also rejected the defendant's argument that short-barreled firearms were in " 'common use' " based upon registration statistics, because unlike handguns, "short-barreled firearms are not 'an entire class of "arms" *** chosen by American society for [the] lawful purpose' of self-defense." *Id.* ¶ 18 (quoting *Heller* 554 U.S. at 625, 628). Rather, short-barreled firearms were regulated because they were concealable and "likely to be used for criminal purposes." *Id.* (quoting *United States v. Thompson/Center Arms Co.*, 504 U.S. 505, 517 (1992) (noting that short-barreled rifles are federally regulated)). Further, the "sheer number" of registered short-barreled firearms did not "undercut their dangerousness" or the fact that they were " 'not typically possessed by law-abiding citizens for lawful purposes.' " *Id.* ¶ 18 (quoting *Heller*, 554 U.S. at 625, 628).

¶ 21    Accordingly, the defendant's facial challenge to section 24-1(a)(7)(ii) failed because he could not establish that there was " 'no set of circumstances under which the statute would be valid.' " *Id.* ¶ 19 (quoting *People v. Bochenek*, 2021 IL 125889, ¶ 10).

¶ 22    For the reasons espoused in *Smith*, defendant's facial challenge to his UUW conviction based upon his possession of a short-barreled shotgun in this case must fail. As we stated in *Smith*, "the plain text of the second amendment does not encompass an individual's right to possess short-barreled firearms." See *id.* ¶ 16. While defendant asserts that *Smith* was wrongly decided and should not be followed, we decline to depart from our well-reasoned prior decision. Accordingly, the circuit court did not err in dismissing defendant's *pro se* petition for relief from judgment.

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 24    Affirmed.