NOTICE
Decision filed 11/13/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240896-U

NO. 5-24-0896

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 15-CF-974 |
| | ) | |
| SHIRICE K. HENDRIX, | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The judgment of the trial court denying the defendant's petition for relief from judgment is affirmed where the aggravated unlawful use of a weapon statute is not facially unconstitutional under the second amendment of the United States Constitution.

¶ 2   On October 23, 2015, the defendant, Shirice K. Hendrix, pleaded guilty of one count of aggravated unlawful use of a weapon (AUUW) in violation of section 24-1.6(a)(1), (a)(3)(A-5) of the Criminal Code of 1961 (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2014)). He was sentenced the same day to 24 months of probation. On May 2, 2024, the defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), which was denied by the trial court on June 11, 2024. The defendant now appeals the denial of his petition arguing that the AUUW statute is facially unconstitutional under

1

the second amendment of the United States Constitution (U.S. Const., amend. II). For the following reasons, we affirm the judgment of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4    On August 17, 2015, the defendant was charged by information with one count of aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2014)); two counts of aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)); and, one count of AUUW (*id.* § 24-1.6(a)(1), (a)(3)(A-5)). Pursuant to a fully negotiated plea agreement, on October 23, 2015, the defendant pleaded guilty to AUUW and was sentenced to 24 months of probation. The remaining charges were dismissed by the trial court.

¶ 5    The defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2024)), on May 2, 2024. The defendant's petition alleged that the AUUW statute was unconstitutional and void *ab initio* pursuant to *People v. Aguilar*, 2013 IL 112116[1] and, as such, his conviction should be vacated. The trial court denied the defendant's petition on June 11, 2024, finding that the defendant's conviction fell outside of *Aguilar*'s ruling regarding the AUUW statute. This appeal followed.

¶ 6                                    II. ANALYSIS

¶ 7    On appeal, the defendant abandons the *Aguilar* issue raised in his section 2-1401 petition and, instead, raises the issue of whether section 24-1.6(a)(1), (a)(3)(A-5) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2014)) is facially unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend. II). Generally, an issue not raised in the lower court is forfeited on review. See *People v. Jackson*, 2022 IL 127256, ¶ 15. An

---

[1]In *People v. Aguilar*, 2013 IL 112116, ¶ 22, section 24-1.6(a)(1), (a)(3)(A), (d) of the AUUW statute was found unconstitutional. The *Aguilar* court noted that it made "no finding, express or implied, with respect to the constitutionality or unconstitutionality of any other section or subsection of the AUUW statute." *Id.* ¶ 22 n.3.

exception to the general forfeiture rule, however, provides that a party may facially attack a statute's constitutionality on appeal even if the party did not raise the issue in the trial court and the limitation period for filing a section 2-1401 petition has expired. See *People v. Thompson*, 2015 IL 118151, ¶¶ 15, 32; see also *People v. Price*, 2016 IL 118613, ¶¶ 30-31. Therefore, the defendant has not forfeited this issue and we will proceed to the merit of the defendant's argument.

¶ 8 The defendant argues that the conduct of the defendant, *i.e.*, possession of a weapon, is protected by the second amendment and that the State cannot demonstrate that there is a historical tradition of imposing criminal punishment on individuals who exercise the constitutional right to bear arms in the absence of a license. As such, the defendant argues that this court should hold that the provision of the AUUW statute rendering such possession to be a criminal felony unconstitutional.

¶ 9 A party bringing a facial challenge to a statute faces a particularly heavy burden since statutes are presumed constitutional. *People v. Bochenek*, 2021 IL 125889, ¶ 10. To rebut that presumption, the party challenging a statute's constitutionality has the burden of establishing a clear violation of the constitution and courts have a duty to uphold the constitutionality of a statute whenever reasonably possible. *People v. Rizzo*, 2016 IL 118599, ¶ 23. A statute will only be deemed facially unconstitutional if there is no set of circumstances under which the statute would be valid. *Bochenek*, 2021 IL 125889, ¶ 10. "So long as there exists a situation in which the statute could be validly applied, a facial challenge must fail." *Rizzo*, 2016 IL 118599, ¶ 24. Our review of a constitutional challenge is *de novo*. *Id.* ¶ 23.

¶ 10 On July 1, 2025, the State filed a motion in this court for leave to cite *People v. Thompson*, 2025 IL 129965, as additional authority. We now grant that motion. In *People v. Thompson*, 2025 IL 129965, ¶ 1, our supreme court recently addressed the exact issue that is now before this court;

3

that is, whether section 24-1.6(a)(1), (a)(3)(A-5) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2020)) is constitutional under the second amendment. The *Thompson* court found as follows:

> "[W]e hold that the AUUW statute's ban on unlicensed public carriage, coupled with the requirements to obtain CCLs and FOID cards, is not facially unconstitutional under the second amendment." *Id.* ¶ 3.

¶ 11    Although the *Thompson* court reviewed a subsequent version of section 24-1.6(a)(1), (a)(3)(A-5), that section remained unchanged from the time of the offense in this matter. Thus, we find *Thompson* controlling to this appeal. This court is bound by *stare decisis* to the decisions of our supreme court. *People v. Jenk*, 2016 IL App (1st) 143177, ¶ 26. "After our supreme court has declared the law with respect to an issue, this court must follow that law, as only the supreme court has authority to overrule or modify its own decisions." *Mekertichian v. Mercedes-Benz U.S.A., L.L.C.*, 347 Ill. App. 3d 828, 836 (2004).

¶ 12    As an inferior court of review, we are bound by our supreme court's holding in *Thompson* that section 24-1.6(a)(1), (a)(3)(A-5) of the AUUW statute is not facially unconstitutional under the second amendment. Based on the ruling set forth in *Thompson*, no further analysis of this issue is needed since the defendant has not presented any argument apart from the facial unconstitutionality challenge addressed in *Thompson*. Accordingly, we affirm the judgment of the trial court.

¶ 13                                    III. CONCLUSION

¶ 14    For the foregoing reasons, the judgment of the trial court of Macon County denying the defendant's petition for relief from judgment is affirmed.

¶ 15    Affirmed.

4