2025 IL App (1st) 241047-U

No. 1-24-1047

Order filed November 14, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 11024 |
| | ) | |
| RONALD WRIGHT, | ) | Honorable |
| | ) | Patrick Coughlin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the dismissal of defendant's petition for relief from judgment where the subsection of the aggravated unlawful use of a weapon statute under which he was convicted is not facially unconstitutional.

¶ 2    Defendant Ronald Wright appeals from the dismissal of his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), which alleged that his conviction for aggravated unlawful use of a weapon (AUUW) was void pursuant to *People v. Aguilar*, 2013 IL 112116. On appeal, defendant solely challenges his

conviction on the basis that the subsection of the statute under which he was convicted, which prohibits possession of a firearm without a valid Firearm Owner's Identification (FOID) card (720 ILCS 5/24-1.6(a)(2), (a)(3)(C) (West 2012)), is facially unconstitutional under the second amendment of the United States Constitution. We affirm.

¶ 3    We set forth only the facts necessary to understand the issue on appeal.

¶ 4    In October 2014, defendant pled guilty to AUUW predicated on possessing a firearm without a valid FOID card. The factual basis established that on March 1, 2013, at approximately 1 p.m., police observed defendant exit a pawnshop with what appeared to be a firearm in his waistband. Defendant entered a vehicle and drove away. The officers stopped defendant and recovered a firearm. Defendant did not have a valid FOID card at the time. As part of the plea agreement, defendant was sentenced to three years in prison.

¶ 5    On April 22, 2024, defendant filed a petition for relief from judgment seeking to vacate his AUUW conviction. Specifically, defendant argued that his conviction was unconstitutional pursuant to *Aguilar.* The circuit court dismissed the petition, stating that the subsection of the AUUW statute under which defendant was convicted has not been found unconstitutional.

¶ 6    On appeal, defendant solely argues that the circuit court erred in dismissing his section 2-1401 petition because the provision of the AUUW statute that criminalizes possession of a firearm without a FOID card is facially unconstitutional under the test set forth in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

¶ 7    Under section 2-1401 of the Code, a defendant can petition to vacate a final judgment after 30 days from its entry. *People v. Abdullah*, 2019 IL 123492, ¶ 13. Generally, the petition must be filed within two years of the entry of the final judgment. 735 ILCS 5/2-1401(c) (West 2012). A

defendant, however, may raise a claim that a statute is facially unconstitutional at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32. We review a trial court's dismissal of a section 2-1401 petition *de novo*. *People v. Carter*, 2015 IL 117709, ¶ 13.

¶ 8     A facial challenge is "the most difficult challenge to mount." *People v. Davis*, 2014 IL 115595, ¶ 25. Statutes are presumed constitutional. *People v. Bochenek*, 2021 IL 125889, ¶ 10. To establish that a statute is facially unconstitutional, the party challenging the constitutionality must demonstrate that no circumstances exist under which the statute would be valid. *Id*. "If it is reasonably possible to construe the statute in a way that preserves its constitutionality, we must do so." *Id*.

¶ 9     Whether a statute is constitutional is a question of law we review *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9 (citing *People v. Davis*, 2014 IL 115595, ¶ 26).

¶ 10     An individual commits AUUW when he knowingly "[c]arries or possesses on or about his or her person, upon any public street, *** except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any *** firearm," and an additional factor is present. 720 ILCS 5/24-1.6(a)(2) (West 2012). Here, the additional factor was defendant's possession of a firearm without a valid FOID card. *Id*. § 24-1.6(a)(2), (a)(3)(C). The FOID Card Act (430 ILCS 65/2(a) (West 2012)) requires a person to obtain a FOID card before legally possessing a firearm.

¶ 11     The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S.

Const. amend. II. "Like most rights, the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

¶ 12    In *Bruen*, the United States Supreme Court announced a new analytical framework for evaluating the constitutionality of firearm regulations. Under *Bruen*, if the Second Amendment's "plain text" covers an individual's conduct, the conduct is presumptively protected. *Bruen*, 597 U.S. at 24. To justify the regulation of that conduct, the government must then demonstrate that the regulation " 'is consistent with the Nation's historical tradition of firearm regulation.' " *People v. Smith*, 2024 IL App (1st) 221455, ¶ 12 (quoting *Bruen*, 597 U.S. at 24). To do so, the government must point to historical precedent, focusing on what the founders understood the Second Amendment to mean. *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 70 (citing *Bruen*, 597 U.S. at 27, 34-35). The *Bruen* court noted that its analysis should not be construed to suggest the unconstitutionality of a "shall-issue" licensing regime. See *Bruen*, 597 U.S. at 38 n.9. Illinois implements a "shall-issue" licensing regime, in which the Illinois State Police shall issue a FOID card to any applicant who satisfies the statutory requirements. *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 61.

¶ 13    Here, defendant claims that section 24-1.6(a)(2), (a)(3)(C) of the AUUW statute is facially unconstitutional because it regulates constitutionally protected conduct, namely, "keeping and bearing arms," and does not comport with a historical traditional of firearm regulation.

¶ 14    Even presuming that defendant's possession of a firearm without a FOID card falls within the scope of the Second Amendment protections (see *Doehring*, 2024 IL App (1st) 230384, ¶ 26 (finding that the circumstances surrounding the carrying of a firearm are not relevant in determining whether the conduct falls within Second Amendment protections)), our supreme court

has explained that "[t]he *Bruen* Court expressly declared shall-issue licensing regimes," like that in Illinois, "facially constitutional under the second amendment" (*People v. Thompson*, 2025 IL 129965, ¶ 39 (citing *Bruen*, 597 U.S. at 38 n.9)). As such, "the United States Supreme Court's express endorsement of shall-issue licensure obviates the need for this court to apply the historical-tradition component of the *Bruen* analysis to defendant's facial challenge to *** FOID card licensure." *Id.* ¶ 44. As section 24-1.6(a)(2), (a)(3)(C) of the AUUW statute is not facially unconstitutional, defendant's argument on appeal fails.

¶ 15    For the foregoing reasons, we affirm the circuit court's dismissal of defendant's petition for relief from judgment.

¶ 16    Affirmed.