2026 IL App (1st) 241735-U

No. 1-24-1735

February 9, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 CR 10925 |
| | ) | |
| TAIWAN LYDA, | ) | Honorable |
| | ) | Tyria B. Walton, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:    We affirm the denial of defendant's *pro se* petition for relief from judgment where the relevant provisions of the aggravated unlawful use of a weapon statute are not facially unconstitutional.

¶ 2    Defendant Taiwan Lyda (also known as Taijuan Lyda) appeals the circuit court's denial of his *pro se* petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)). On appeal, defendant argues that the provisions of the aggravated unlawful use of a weapon (AUUW) statute underlying his conviction

for that offense are facially unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend. II) pursuant to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). For the following reasons, we affirm.

¶ 3    On August 1, 2001, pursuant to a negotiated guilty plea, defendant was convicted of one count of AUUW predicated on possessing a firearm without a valid Firearm Owner's Identification (FOID) card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2000)). Based on a prior felony conviction, defendant was sentenced to six years in prison.

¶ 4    On July 15, 2024, defendant filed *pro se* the instant section 2-1401 petition seeking to vacate his AUUW conviction as void *ab initio*. Defendant asserted that the provisions of the AUUW statute under which he was convicted were unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116.

¶ 5    On July 29, 2024, the circuit court denied defendant's petition, finding "*Aguilar* does not provide protection for this conviction."

¶ 6    On appeal, defendant argues that, under *Bruen*, the provisions of the AUUW statute under which he was convicted are facially unconstitutional as an unreasonable and ahistorical prohibition against carrying a firearm for self-defense outside the home.

¶ 7    As an initial matter, we note that although defendant cited to *Aguilar*, rather than *Bruen*, in his *pro se* section 2-1401 petition, he has not waived the argument that he now raises on appeal. See *People v. Doehring*, 2024 IL App (1st) 230384, ¶¶ 12-13 (finding the argument that the AUUW statute was unconstitutional under the Second Amendment not waived where the defendant's *pro se* section 2-1401 petition and brief on appeal cited different case law for that same proposition).

¶ 8 Section 2-1401 of the Code provides the procedure by which final judgments may be vacated more than 30 days after entry. 735 ILCS 5/2-1401(a) (2024); *People v. Smith*, 2024 IL App (1st) 221455, ¶ 7. Generally, a petition for relief from judgment must be filed within two years of the challenged judgment. 735 ILCS 5/2-1401(c) (2024). Such a petition, however, may be brought any time where the defendant alleges that a conviction or sentence "is facially unconstitutional and void *ab initio*." *People v. Stoeker*, 2020 IL 124807, ¶ 28. Review of the denial of a section 2-1401 petition is *de novo*, and we "may affirm on any basis appearing in the record." (Internal quotation marks omitted.) *Smith*, 2024 IL App (1st) 221455, ¶ 7.

¶ 9 Statutes are presumed constitutional, and therefore a defendant bears the heavy burden of clearly establishing that a statute violates the Constitution. *People v. Bochenek*, 2021 IL 125889, ¶ 10. The facts relating to a particular defendant are not relevant where, as here, he raises a facial challenge to a statute's constitutionality. *Id.* Rather, a facial constitutional challenge requires a showing that a statute is unconstitutional under any set of facts. *Id.* We review the constitutionality of a statute *de novo*. *Id.* ¶ 9.

¶ 10 The second amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. This amendment protects an individual's right to keep and bear arms for self-defense and applies to the states through the Fourteenth Amendment (U.S. Const., amend. XIV). *Bruen*, 597 U.S. at 17.

¶ 11 In *Bruen*, the United States Supreme Court found that New York's "proper cause" requirement for obtaining a license to carry a firearm violated the Second Amendment. *Id.* at 38-39. The Court characterized the New York firearm licensing regime as a "may-issue" regime,

distinguishable from "shall-issue" regimes. *Id.* at 13-14. It found the "may-issue" discretionary licensing regime unconstitutional. *Id.* at 70-71.

¶ 12    In so holding, the Court articulated a two-part test for assessing the constitutionality of firearms regulations. First, a court must analyze whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, the government must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

¶ 13    Here, defendant was convicted pursuant to the AUUW statute, which provides, in relevant part, that a person commits the offense when he knowingly carries a firearm "on or about his *** person or in any vehicle *** except when on his *** land or in his *** abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission," and the person "has not been issued a currently valid" FOID card. 720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2000). Illinois's firearm licensing system is a nondiscretionary "shall-issue" regime, distinguished from the discretionary "may-issue" licensing regime the *Bruen* court found unconstitutional. See *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 16; see also *Bruen*, 597 U.S. at 38 n.9.

¶ 14    In *People v. Thompson*, 2025 IL 129965, our supreme court found that "[t]he *Bruen* Court expressly declared shall-issue licensing regimes facially constitutional under the second amendment." *Id.* ¶ 39. The supreme court explained that "[t]he foundation of *Bruen*'s holding is the difference between the proper-cause requirements in may-issue licensing regimes and the objective requirements in shall-issue licensing regimes." *Id.* Thus, our supreme court concluded that the *Bruen* court's "endorsement of shall-issue licensure obviates the need" to conduct *Bruen*'s

historical-tradition analysis to a facial challenge of the AUUW statute and Illinois's shall-issue licensure. *Id.* ¶ 44.

¶ 15    In his reply brief, defendant acknowledges the holding in *Thompson* that "*Bruen* itself stands for the proposition that Illinois's nondiscretionary, 'shall-issue' firearm licensing regime does not violate the second amendment." *Id.* ¶ 3. Defendant contends, however, that the supreme court's conclusion that *Bruen* obviates the need to conduct a second-step historical inquiry relies on the *Bruen* court's "mere dicta," which, according to defendant, is entitled to little weight. He urges this court to proceed to the second step of the *Bruen* analysis and find there is no historical analogue for imposing criminal punishment on an individual exercising his constitutional right to bear arms without a license.

¶ 16    We decline defendant's request to depart from *Thompson*, which controls and forecloses defendant's arguments. See *Yakich v. Aulds*, 2019 IL 123667, ¶ 13 (circuit and appellate courts must apply binding precedent from our supreme court and only our supreme court can overrule or modify its precedent). Accordingly, we reject defendant's facial challenge to the constitutionality of the provisions of the AUUW statute under which he was convicted and affirm the circuit court's denial of defendant's section 2-1401 petition.

¶ 17    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 18    Affirmed.