2026 IL App (1st) 241842-U

No. 1-24-1842

Order filed March 11, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 13132 |
| | ) | |
| MILTON SCOTT, | ) | Honorable |
| | ) | Diana L. Kenworthy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm defendant's conviction for armed habitual criminal over his claim that the underlying statute is unconstitutional.

¶ 2    Following a bench trial, defendant Milton Scott was found guilty of armed habitual criminal (AHC), unlawful use or possession of a weapon by a felon (UUWF), and aggravated unlawful use of a weapon (AUUW). The trial court merged the findings of guilt into the AHC

count and imposed 10 years' imprisonment thereon. On appeal, defendant argues that the AHC statute is unconstitutional both facially and as applied to him. We affirm.

¶ 3    Defendant was charged by indictment with one count of AHC (720 ILCS 5/24-1.7(a) (West 2020)), two counts of UUWF (*id.* § 24-1.1(a)), and two counts of AUUW (*id.* § 24-1.6(a)(1), (a)(3)(A-5); (a)(1), (a)(3)(C)).

¶ 4    At trial, Chicago police officers Steven Sreniawski and Michael Tanon testified that at 2:17 p.m. on September 24, 2021, they were on patrol in an unmarked vehicle on North Latrobe Avenue. Defendant, who was walking in the street with a woman, looked toward the officers, grabbed his waistband, and placed an object behind the front passenger-side wheel of a red sedan. Sreniawski found a loaded 9-millimeter semiautomatic handgun behind the front wheel of the sedan, and Tanon arrested defendant.

¶ 5    The State introduced certified copies of defendant's convictions for manufacture and delivery of a controlled substance in 2006 (a Class 1 felony) and possession with intent to deliver in 2018 (a Class 2 felony). The parties stipulated that defendant did not possess a valid Firearm Owner's Identification card or concealed carry license and was on parole or mandatory supervised release at the time of the incident.

¶ 6    The trial court found defendant guilty of all counts. Defendant filed a motion for reconsideration or, in the alternative, for a new trial, which the court denied.

¶ 7    At sentencing, the State argued defendant had seven prior convictions between 2005 and 2018. The presentence investigative report (PSI) reflects that these convictions included five narcotics offenses, one offense of escape or violation of electronic monitoring, and a weapons offense.

¶ 8    The court merged the UUWF and AUUW counts into the AHC count and sentenced defendant to 10 years in prison. The court denied defendant's motion to reconsider sentence.

¶ 9    Defendant appeals, arguing the AHC statute violates the second amendment of the United States Constitution both facially and as applied to him as there is no "historical analogue" for prohibiting felons convicted of nonviolent offenses from carrying a firearm, pursuant to the framework set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

¶ 10    We review defendant's constitutional challenges *de novo*. See *People v. Gray*, 2017 IL 120958, ¶ 57.

¶ 11    A statute is facially unconstitutional "only if there is no set of circumstances under which the statute would be valid." *People v. Bochenek*, 2021 IL 125889, ¶ 10. To determine whether a statute violates the constitution as applied to a specific individual, by contrast, the relevant facts and circumstances must be sufficiently developed in the record before the trial court. *People v. Thompson*, 2015 IL 118151, ¶¶ 36-37; see also *People v. Holman*, 2017 IL 120655, ¶ 32 ("a defendant must present an as-applied constitutional challenge to the trial court in order to create a sufficiently developed record"), *overruled on other grounds by People v. Wilson*, 2023 IL 127666. When all the necessary facts are already in the record, we may address the merits of an as-applied constitutional claim in the first instance, rather than remanding to the trial court. *Id.* If a statute is constitutional as applied to a particular defendant, it is also facially constitutional, as there would be at least one circumstance in which the statute is valid. *People v. Wade*, 2025 IL App (1st) 231683, ¶ 44.

¶ 12    First, we address defendant's claim that the AHC statute is unconstitutional as applied to him individually as his felony convictions include nonviolent drug offenses, and there is no historical analogue for prohibiting possession of a firearm on this basis.

¶ 13    As an initial matter, the State contends defendant has forfeited his as-applied challenge by failing to raise it in the trial court. Defendant's claim requires no further factual development, however, because the record contains his criminal history as outlined in the PSI and the certified copies of his prior convictions introduced at trial. See *id.* (considering an as-applied constitutional challenge where "the nature of defendant's prior convictions is apparent from the record on appeal").

¶ 14    The second amendment of the United States Constitution (U.S. Const., amend. II) provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

¶ 15    At the time defendant committed the offense, the AHC statute provided: "A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of" certain felonies. 720 ILCS 5/24-1.7(a) (West 2020).

¶ 16    In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the United States Supreme Court held that the second amendment elevates "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id.* at 635. The Court further stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons *** or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27.

¶ 17    In *Bruen*, the Court announced a new framework for evaluating the constitutionality of firearm regulations in which courts consider first whether the second amendment's "plain text" covers an individual's conduct, and second whether the regulation is "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. The Court stated that this test applies to laws attempting to regulate firearm possession by "law-abiding citizens." *Id.* at 29, 38, 60.

¶ 18    Applying the first step of the *Bruen* test, we find the second amendment's plain text encompasses defendant's conduct of possessing a firearm. See *Wade*, 2025 IL App (1st) 231683, ¶¶ 48-49; see also *People v. Brooks*, 2023 IL App (1st) 200435, ¶¶ 84-87 (for purposes of the AHC statute, the proscribed conduct is the possession of a firearm, not the defendant's status as a felon).

¶ 19    Nonetheless, defendant's challenge fails at *Bruen*'s second step. This court has previously conducted a thorough historical analysis of the AHC statute and concluded that disarming felons— whether violent or nonviolent—is consistent with the nation's history of firearm regulation. *Id.* ¶¶ 90-105. We follow *Brooks* in upholding the constitutionality of the AHC statute for this reason. See *id.* ¶¶ 100, 105; see also *Wade*, 2025 IL App (1st) 231683, ¶ 50.

¶ 20    As discussed, the failure of defendant's as-applied challenge necessarily defeats his facial challenge, as well. See *id.* ¶ 44.

¶ 21    For these reasons, we affirm the judgment of the trial court.

¶ 22    Affirmed.