2026 IL App (1st) 242030-U

FIFTH DIVISION
April 3, 2026

No. 1-24-2030

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | No. 90 CR 5083 |
| v. | ) ) | Honorable |
| MICHAEL MCGOWAN, | ) ) | Alfredo Maldonado, Judge Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Wilson concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm defendant's conviction for unlawful use of a weapon by a felon and reject his argument that the underlying statute is unconstitutional.

¶ 2    Following a guilty plea, defendant Michael McGowan, also known as Maurice McGowan, was found guilty of unlawful use of a weapon by a felon (UUWF). Mr. McGowan appeals, arguing the underlying statute is facially unconstitutional pursuant to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On June 28, 1990, Mr. McGowan pled guilty to one count of UUWF (Ill. Rev. Stat. 1989, ch. 38, § 24-1.1(a)) and was sentenced to 30 months' probation. On March 7, 1991, the circuit court terminated his term of probation as unsatisfactory and sentenced him to five years in prison for the UUWF count.

¶ 5    On June 8, 2023, Mr. McGowan filed a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2022)), arguing that the "UUW statu[t]e has been struck down as facially unconstitutional on second amendment grounds by the Illinois Supreme Court in [*People v. Aguilar*, 2013 IL 112116] and in the 7th circuit federal court of appeals in [*Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012)]." On April 5, 2024, the circuit court denied the petition "because it [did] not state a valid claim."

¶ 6    On June 20, 2024, Mr. McGowan filed another petition for relief from judgment making essentially the same arguments. On August 28, 2024, the court denied the petition, finding Mr. McGowan's "claim is meritless and [barred by] *res judicata* as he raised [a] virtually identical argument in his June 2023 filing." The court further explained that, contrary to Mr. McGowan's assertion, the supreme court in *Aguilar* did not address the UUWF statute, and that "prohibiting felons from possessing firearms is rooted in our nation's history" pursuant to *Bruen* and therefore constitutional, citing *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37.

¶ 7    This appeal followed.

¶ 8                              II. JURISDICTION

¶ 9    The trial court denied Mr. McGowan's petition for relief from judgment on August 28, 2024. Notice of appeal was certified to be mailed on September 15, 2024, and thus was timely received and filed on September 30, 2024.This court has jurisdiction pursuant to Illinois Supreme

Court Rule 301 (eff. Feb. 1, 1994) and Rule 304(b)(3) (eff. Mar. 8, 2016), which governs appeals from "judgment[s] or order[s] granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure."

¶ 10                                    III. ANALYSIS

¶ 11    As an initial matter, we note that generally, a section 2-1401 petition must be filed within two years of the judgment. See 735 ILCS 5/2-1401(c) (West 2024). However, Illinois courts have recognized an exception where the judgment being challenged is void because it is based on a facially unconstitutional statute. See *People v. Thompson*, 2015 IL 118151, ¶¶ 29, 32.

¶ 12    On appeal, Mr. McGowan argues his conviction is void because the UUWF statute is not "consistent with this Nation's historical tradition of firearm regulation" pursuant to the test set forth in *Bruen*, and is therefore facially unconstitutional. The two-year time limit does not bar his petition based on this constitutional claim.

¶ 13    We review Mr. McGowan's constitutional challenge *de novo*. See *People v. Gray*, 2017 IL 120958, ¶ 57. We presume a challenged statute is constitutional and, if possible, will construe it so as to affirm its constitutionality. *Id.* A statute is facially unconstitutional "only if there is no set of circumstances under which the statute would be valid." *People v. Bochenek*, 2021 IL 125889, ¶ 10.

¶ 14    The second amendment of the United States Constitution (U.S. Const., amend. II) provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

¶ 15    In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the United States Supreme Court held that the second amendment elevates "the right of law-abiding, responsible citizens to use arms

in defense of hearth and home." *Id.* at 635. The Court further stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons *** or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27.

¶ 16    In *Bruen*, the Court announced a new framework for evaluating the constitutionality of firearm regulations in which courts consider first whether the second amendment's "plain text" covers an individual's conduct, and second whether the regulation is "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. The Court stated that this test applies to laws attempting to regulate firearm possession by "law-abiding citizens." *Id.* at 29, 38, 60; see also *United States v. Rahimi*, 602 U.S. 680, 682, 699 (2024) (confirming that prohibitions on the possession of firearms by felons are "presumptively lawful").

¶ 17    Here, Mr. McGowan was convicted of UUWF under section 24-1.1(a), which provides: "It is unlawful for a person to knowingly possess on or about his person *** any firearm *** if the person has been convicted of a felony." Ill. Rev. Stat. 1989, ch. 38, § 24-1.1(a).

¶ 18    This court has considered the constitutionality of the UUWF statute in light of *Bruen* and determined that *Bruen* does not apply to felons, as *Bruen*'s holding is limited to regulations affecting "law-abiding citizens," which felons are not. See *Baker*, 2023 IL App (1st) 220328, ¶ 37 (rejecting as-applied constitutional challenge to UUWF statute); see also *People v. Mobley*, 2023 IL App (1st) 221264, ¶¶ 27-29 (same). We agree with *Baker* and *Mobley*, that there are circumstances under which the statute is valid. The UUWF statute is, therefore, facially constitutional. See *Bochenek*, 2021 IL 125889, ¶ 10 ("A statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid.").

¶ 19   Mr. McGowan requests that we instead follow the reasoning in *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 89, where a different panel of this court found that a defendant's status as a felon "is more properly evaluated under [*Bruen*'s] second step's historical tradition analysis." However, even where appellate courts have reached the second step, they have found sufficient historical precedent exists to ban felons from possessing firearms. See, *e.g.*, *id.* ¶¶ 90-105 (finding historical precedent supports the armed habitual criminal statute's ban on felons possessing firearms); *People v. Travis*, 2024 IL App (3d) 230113, ¶¶ 27-33 (finding historical precedent supports the UUWF statute's ban).

¶ 20   Mr. McGowan questions the historical analyses of *Brooks* and *Travis*, arguing that they fail to describe any "relevantly-similar historical analogue for a *permanent*, *lifetime* prohibition on firearm possession." (Emphasis in original.) However, even if we agreed with the need to find a historical analogue, we reject Mr. McGowan's claim that none can be found because the UUWF statute imposes a permanent ban on firearm possession. To the contrary, a convicted felon may lawfully possess a firearm if he or she has been granted relief or otherwise had his or her rights restored under Section 10 of the Firearm Owners Identification Card Act. See 720 ILCS 5/24-1.1(a) and 430 ILCS 65/10 (West 2024). See *People v. Grace*, 2025 IL App (1st) 232429-U, ¶¶ 18-19.

¶ 21                               VI. CONCLUSION

¶ 22   For these reasons, we affirm the circuit court's denial of Mr. McGowan's petition for relief from judgment.

¶ 23   Affirmed.