2025 IL App (1st) 232253-U

FIFTH DIVISION
November 21, 2025

No. 1-23-2253

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 6924 |
| | ) | |
| DAVID TORRES, | ) | Honorable |
| | ) | William G. Gamboney, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE MIKVA delivered the judgment of the court.
Justices Johnson and Tailor concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the denial of defendant's *pro se* petition for relief from judgment where the relevant provisions of the aggravated unlawful use of a weapon statute do not facially violate the second amendment to the United States Constitution.

¶ 2 Defendant David Torres appeals the circuit court's denial of his *pro se* petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). On appeal, Mr. Torres argues that the provisions of the aggravated unlawful use of a weapon (AUUW) statute under which he was convicted are facially unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend. II) and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On December 14, 2016, after a negotiated guilty plea, Mr. Torres was convicted of one count of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2014)) and sentenced to 18 months in prison. The factual basis provided was that, on April 8, 2014, Mr. Torres was arrested on a public sidewalk in possession of a loaded, accessible firearm and did not have a valid Firearm Owners Identification (FOID) card or concealed carry license (CCL).

¶ 5     On June 20, 2023, Mr. Torres filed *pro se* this section 2-1401 petition, asserting that the AUUW statute was unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116, and the second amendment. After a hearing on September 14, 2023, the circuit court denied Mr. Torres's petition.

¶ 6                                II. JURISDICTION

¶ 7     Mr. Torres is appealing from the circuit court's order entered September 14, 2023, denying his section 2-1401 petition. Civil rules apply to section 2-1401 petitions even when filed in a criminal context. *People v. Abdullah*, 2019 IL 123492, ¶ 13. He filed a late notice of appeal in the trial court on December 4, 2023, and on February 4, 2025, the supreme court entered a supervisory order directing us to treat the notice of appeal as timely and the appeal as properly perfected. Pursuant to the supreme court's supervisory order, we have jurisdiction under Article VI, Section 6, of the Illinois Constitution (Ill. Const. 1970, art. 6, § 6) and Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303.

¶ 8                                III. ANALYSIS

¶ 9     On appeal, Mr. Torres argues that, under *New York State Rifle Ass'n v. Bruen,* 597 U.S. 1 (2022), the provisions of the AUUW statute under which he was convicted are facially unconstitutional as a complete ban on carrying a "ready-to-use handgun" for self-defense outside

the home.

¶ 10    As an initial matter, the State contends that Mr. Torres has forfeited review of this argument by not including it in his section 2-1401 petition, because that petition relied on our supreme court's decision in *Aguilar,* whereas his argument on appeal rests on the United States Supreme Court's decision in *Bruen.* Mr. Torres's claim in his petition, however, was that the AUUW statute underlying his conviction was facially unconstitutional under the second amendment. This claim is not waived on appeal, simply because Mr. Torres relies on different case law in his brief on appeal. *People v. Doehring*, 2024 IL App (1st) 230384, ¶¶ 12-13. We turn, therefore,  to the merits of Mr. Torres's claim.

¶ 11    To overcome the strong judicial presumption that statutes are constitutional, a defendant must clearly establish that a statute violates the constitution. *People v. Rizzo*, 2016 IL 118599, ¶ 23. Courts must uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in favor of validity. *Id.* A facial constitutional challenge demands a showing that a statute is unconstitutional in all applications, not merely as applied to a particular person. *People v. Wade*, 2025 IL App (1st) 231683, ¶ 43. A facial challenge cannot succeed where any circumstance exists in which the statute can be validly applied. *Rizzo*, 2016 IL 118599, ¶ 24. The constitutionality of a statute raises a question of law reviewed *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9.

¶ 12    The second amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. This amendment protects an individual's right to keep and bear arms for self-defense and was made applicable to the states via the Fourteenth Amendment (U.S. Const., amend. XIV). *Bruen*, 597 U.S. at 17.

¶ 13    In *Bruen*, the Court evaluated whether a New York law mandating that individuals prove

" 'proper cause exists' " for obtaining a license to carry a firearm outside the home comported with the second amendment. *Id.* at 12. The Court characterized the New York firearm licensing regime as a "may-issue" regime, distinguishable from "shall-issue" regimes because of its discretionary nature. *Id.* at 13-14. It found such a licensing regime unconstitutional under the second amendment. *Id.* at 70-71. In so holding, the Court articulated a two-part test for assessing the constitutionality of firearms regulations: a court must first analyze whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, the government must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*.

¶ 14    Mr. Torres was convicted of violating section 24-1.6(a)(1), (3)(A-5) of the AUUW statute, which provides, relevant here, that a person commits the offense of AUUW when he knowingly "[c]arries *** any pistol, revolver, *** or other firearm" that was "uncased, loaded, and immediately accessible at the time of the offense" and the person "has not been issued a currently valid license under the Firearm Concealed Carry Act." 720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2014). Illinois's firearm licensing system is a "shall-issue" licensing regime, distinguished from a "may-issue" licensing regime found unconstitutional in *Bruen*. S*ee People v. Gunn*, 2023 IL App (1st) 221032, ¶ 16; see also *Bruen*, 597 U.S. at 15 nn.1, 9.

¶ 15    Here, Mr. Torres contends the AUUW statute is facially unconstitutional because the plain text of the second amendment covers the conduct which underlies his conviction, namely, carrying a ready-to-use firearm outside the home, and because the United States has no historical tradition of imposing criminal punishment on an individual who bears arms in public without a license.

¶ 16    In his reply brief, Mr. Torres acknowledges that our supreme court's opinion in *People v. Thompson*, 2025 IL 129965, released during the pendency of his appeal, held that the same

provisions of the AUUW statute that are the basis for his conviction were constitutional under *Bruen. Id*. ¶ 3 Our supreme court recognized that: "*Bruen* itself stands for the proposition that Illinois's nondiscretionary, 'shall-issue' firearm licensing regime does not violate the second amendment." Mr. Torres argues, however, that the supreme court "erred in its decision," because the AUUW statute is not consistent with his understanding of this country's historical tradition of firearm regulation.

¶ 17    As noted, our supreme court reaffirmed the facial constitutionality of Illinois's "shall-issue" firearm licensing regime under *Bruen. Id.* ¶ 39. Specifically, the court stated, "*Bruen*'s express endorsement of shall-issue licensure obviates the need for this court to apply the historical-tradition component of the *Bruen* analysis to defendant's facial challenge to the enforcement of CCL and FOID card licensure through section 24-1.6(a)(1), (a)(3)(A-5)." *Id.* at ¶ 53.

¶ 18    *Thompson* controls in this case and forecloses the arguments Mr. Torres now raises. See *Yakich v. Aulds*, 2019 IL 123667, ¶ 13 (circuit and appellate courts are required to apply binding precedent from our supreme court and only our supreme court can overrule or modify its precedent). We therefore reject Mr. Torres's facial challenge to the constitutionality of the provisions of the AUUW statute under which he was convicted and, accordingly, affirm the circuit court's denial of Mr. Torres's section 2-1401 petition.

¶ 19                    IV. CONCLUSION

¶ 20    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 21    Affirmed.