2026 IL App (1st) 250788-U

No. 1-25-0788

Order filed May 8, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 9396 |
| | ) | |
| DEANGELO CAMPBELL, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's facial constitutional challenge to his conviction for aggravated unlawful use of a weapon fails under the Second Amendment of the United States Constitution and the test in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) .

¶ 2    Deangelo Campbell appeals from the denial of his *pro se* petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)). He argues that the provision of the aggravated unlawful use of a weapon (AUUW) statute

under which he was convicted is facially unconstitutional because it violates the second amendment of the United States Constitution and the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3                                  Background

¶ 4      After a 2016 bench trial, Campbell was found guilty of AUUW predicated on possessing a firearm without a valid Firearm Owner's Identification (FOID) card and a concealed carry license (CCL). See 720 ILCS 5/24-1.6(a)(1), (3)(A-5), (3)(C) (West 2014). Evidence reflected that officers saw Campbell retrieve a firearm from his waistband and throw it into a car. A certification from the Illinois State Police Department established that Campbell did not have a valid FOID card or CCL at the time of the offense. Campbell was sentenced to one year in prison. We affirmed on direct appeal. See *People v. Campbell*, 2019 IL App (1st) 161640.

¶ 5      In 2024, Campbell filed a *pro se* section 2-1401 petition alleging that his AUUW conviction should be vacated under *People v. Aguilar*, 2013 IL 112116. The circuit court denied relief, stating that Campbell's case was not an "*Aguilar* issue."

¶ 6                                  Analysis

¶ 7      Campbell argues that the provision of the AUUW statute under which he was convicted is facially unconstitutional under the Second Amendment and *Bruen*.

¶ 8      As a threshold matter, Campbell failed to raise the facial *Bruen* challenge in the circuit court. Ordinarily, a defendant "who fails to raise an issue before the trial court forfeits the issue" on appeal. *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 58. But, "[w]hen a statute is declared facially unconstitutional and void *ab initio*, it means that the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable." *People v. Thompson*, 2015 IL

118151, ¶ 32. Moreover, "a judgment based on a statute that is facially unconstitutional is void," and challenges based on a void statute are "not subject to forfeiture" or "any other ordinary procedural bar." *In re N.G.*, 2018 IL 121939, ¶¶ 43, 57.

¶ 9    This is so even when a defendant raises a facial challenge for the first time on appeal from the denial of a section 2-1401 petition that raised different claims, as Campbell did. See *People v. Doehring*, 2024 IL App (1st) 230384, ¶ 14 (permitting facial *Bruen* challenge for first time on appeal from denial of section 2-1401 petition); see also *People v. McTizic*, 2025 IL App (1st) 240467-U, ¶ 5 (same). Therefore, Campbell may raise the facial *Bruen* challenge.

¶ 10    A presumption exists that all statutes are constitutional, and a defendant carries a "heavy burden" in rebutting that presumption by "clearly establish[ing] that [the statute] violates the constitution." (Internal quotation marks omitted.) *People v. Rizzo*, 2016 IL 118599, ¶ 23. Courts have a duty to uphold the constitutionality of a statute whenever possible, "resolving any doubts in favor of the statute's validity." *Id*. A facial challenge requires a showing that "the statute is unconstitutional under any set of facts, *i.e.,* the specific facts related to the challenging party are irrelevant." *Id*. ¶ 24. If a situation exists in which the statute can be validly applied, a facial challenge fails. *Id*. We review a statute's constitutionality *de novo*. *Id*. ¶ 23.

¶ 11                      AUUW Statute and *Bruen* Decision

¶ 12    Campbell was convicted of violating section 24-1.6(a)(1), (3)(A-5), (3)(C) of the AUUW statute, which provides that "[a] person commits the offense of aggravated unlawful use of a weapon when he or she knowingly carries on or about his or her person *** any pistol, revolver, *** or other firearm" without a "currently valid license under the Firearm Concealed Carry Act" and "a currently valid [FOID] Card." 720 ILCS 5/24-1.6(a)(1), (3)(A-5), (3)(C) (West 2014).

¶ 13    The FOID Card Act provides that "no person may acquire or possess any firearm *** within this State without *** a [FOID] card previously issued *** by the Department of State Police." 430 ILCS 65/2(a)(1) (West 2014). The FOID card application must include evidence that an applicant, among other things, (i) is an Illinois resident, (ii) is at least 21 years of age, (iii) has not been convicted of a felony, (iv) has not been a patient in a mental health facility in the five years preceding the application or suffers from an intellectual disability, (v) is not subject to an order prohibiting the possession of a firearm, and (vi) has not been convicted of battery, assault, aggravated assault, or other similar offense where a firearm was used or convicted of domestic battery, aggravated domestic battery, or a similar offense. *Id.* § 65/4(a)(2).

¶ 14    The Firearm Concealed Carry Act mandates that an individual shall be issued a CCL if (i) the individual completes an application and provides the information and documents require; (ii) is at least 21 years old, (3) has been issued a currently valid FOID card, (iv) has not been convicted of an offense involving the threat of force or violence or alcohol or drugs within five years of the application, (v) is not the subject of a pending warrant or prosecution, (vi) has not been subject to court-ordered alcohol or drug treatment, (vii) has completed firearms training and education, (viii) paid the fees, and (ix) does not pose a danger to themselves or others. 430 ILCS 66/10(a), 25, 30 (West 2014). An individual must possess the CCL "at all times the licensee carries a concealed firearm," absent certain exceptions. *Id.* § 66/10(g).

¶ 15    The second amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. This amendment protects an individual's right to keep and bear arms for self-defense and was made applicable to the states by the Fourteenth

Amendment. *Bruen*, 597 U.S. at 17; *McDonald v. City of Chicago,* 561 U.S. 742, 791 (2010). Like most rights, "the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

¶ 16    In *Bruen*, the Supreme Court assessed the constitutionality of a New York law mandating that individuals prove "proper cause exists" for obtaining a license to carry a firearm outside the home. *Bruen*, 597 U.S. at 12. The Court articulated a two-part test for assessing the constitutionality of firearms regulations. First, the court must analyze whether "the Second Amendment's plain text covers an individual's conduct." *Id*. at 24. If so, that conduct is presumptively protected. *Id*. The government must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*.

¶ 17                                    Right to Publicly Carry

¶ 18    Campbell argues that the right to publicly carry a firearm is covered under the plain text of the Second Amendment. And the provision of the AUUW statute under which he was convicted contradicts the historical tradition of firearms regulation. Campbell maintains that the provision is facially unconstitutional due to (1) the onerous burden placed on an individual to be issued a FOID card before obtaining a CCL and (2) the criminalization of possessing a firearm without a license.

¶ 19    Campbell acknowledges that our supreme court's decision in *People v. Thompson*, 2025 IL 129965, binds this court in holding that "*Bruen* itself stands for the proposition that Illinois's nondiscretionary, 'shall-issue' firearm licensing regime does not violate the second amendment [and] the AUUW statute's ban on unlicensed public carriage, coupled with the requirements to obtain CCLs and FOID cards, is not facially unconstitutional under the second amendment." *Thompson*, 2025 IL 129965, ¶ 3. Campbell argues, however, that *Thompson* was wrongly decided.

¶ 20 While Campbell's conduct of publicly carrying a firearm falls within the scope of the Second Amendment protections (*Bruen* at 32; see also *Aguilar*, 2013 IL 112116, ¶ 20), our supreme court held that "the United States Supreme Court's express endorsement of shall-issue licensure obviates the need for this court to apply the historical-tradition component of the *Bruen* analysis to defendant's facial challenge to section 24-1.6(a)(1), (a)(3)(A-5) and its enforcement of CCL and FOID card licensure." *Thompson*, 2025 IL 129965, ¶¶ 44, 53. *Thompson* controls this case, and forecloses the arguments Campbell makes on appeal. See *Yakich v. Aulds*, 2019 IL 123667, ¶ 13 ("[Illinois c]ircuit and appellate courts are bound to apply [the Illinois supreme] court's precedent to the facts of the case before them under the fundamental principle of *stare decisis*.").

¶ 21 Following *Thompson*, we find that Illinois's shall-issue licensing scheme and section 24-1.6(a)(1), (3)(A-5), (3)(C) of the AUUW statute are not unconstitutional, and we reject Campbell's facial challenge. See *People v. Torres*, 2025 IL App (1st) 232253-U, ¶ 18 (holding that *Thompson* controls and rejecting defendant's argument on appeal); *People v. Wright*, 2025 IL App (1st) 241047-U, ¶ 14 (same).

¶ 22 While this appeal was pending, the State moved for summary disposition, which was taken with the case. In light of this order, the motion for summary disposition is denied as moot.

¶ 23 Affirmed.